Paul H. SCHWEITZER and Friedel
Schweitzer, Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE.

No. 15937.

United States Court of Appeals
Third Circuit.

Argued Feb. 9, 1967.

Decided April 14, 1967.

Gabriel T. Pap, New York City, for petitioners.

Jeanine Jacobs, Dept. of Justice, Tax Div., Washington, D. C. (Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, HASTIE and FORMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In 1959 Paul and Friedel Schweitzer claimed a deduction for a loss on their joint income tax return under Section 165(a) of the Internal Revenue Code of 1954. The Commissioner disallowed the deduction and asserted a deficiency and the Tax Court upheld his decision.

The loss claimed by the Schweitzers was due to losses sustained on property owned by Paul Schweitzer which was confiscated in 1949 and 1952 pursuant to decrees of the Praesidium of the Hungarian People's Republic.

The question presented is whether the Schweitzers did not sustain their losses until 1959 when the deduction was claimed, although the properties were confiscated in 1949 and 1952. In 1955 the United States entered into an agreement for compensation of nationalized property with the Provisional Government of Hungary. Under this agreement, the International Claims Settlement Act of 1949 as amended, 22 U.S.C. Section 1621 et seq. (Supplement 1964), Paul Schweitzer filed a claim. The Foreign Claims Settlement Commission proposed a settlement of Schweitzer's claim

which resulted in payments to him of $1,069.42 in 1959. The petitioners claim that not until this settlement by the Foreign Claims Settlement Commission did they have no reasonable prospect of recovery for the losses sustained on the confiscated property. The Tax Court, however, on sufficient evidence, found as fact that prior to 1959 the petitioners had no reasonable prospect of recovery for these losses at some future date. This finding makes Section 1.165–1(d) of the regulations under the Internal Revenue Code of 1954 inapplicable.

The decision of the Tax Court will be affirmed.